ELLA DEATON, APPELLANT, v. BENJAMIN F. DORSEY, AD-
MINISTRATOR CUM TESTAMENTO ANNEXO OF THE
LAST WILL AND TESTAMENT OF JAMES H. MORRIS,
DECEASED, APPELLEE.

Submitted December 5, 1908—Decided June 28, 1909.

A testator in his will provided as follows: "I give   *   *   *   to my
wife during her natural life all the income from my real and
personal property after all the taxes and necessary repairs shall
have been paid, and after her death then my daughter Martha E.
Morris is to become the owner of all that may be remaining of
said real or personal property after my wife's funeral expenses
and just debts are paid during her natural life, then after her
death the said property is to revert to my daughter's nearest
surviving heirs." *Held*, that the clause "during her natural life"
refers to the duration of the estate in testator's daughter, thus
limiting the daughter's right to a life estate. *Held, further*, that a
suit at law cannot be maintained against the executor of the
deceased husband to enforce payment of the wife's just debts by
virtue of the provision of his will, and that the executors of the
husband have the right to require the just debts of the wife to
be first established by a suit against the wife's executor.

On appeal from the District Court of the city of Camden.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Wilbert V. Pike* and *Raymond R.
Donges.*

For the appellee, *Francis D. Weaver* and *John B. Kales.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the District Court
of the city of Camden. The state of the case settled by the
judge of that court sets forth:

"This is an action brought to recover from the estate of
James H. Morris, deceased, the sum of two hundred and seven
dollars ($207), balance claimed by the plaintiff for services

rendered to Martha Morris, widow of said James H. Morris, in her lifetime, as housekeeper at wages alleged to have been agreed upon by contract with Mrs. Morris.

James H. Morris, of Camden, New Jersey, died early in 1896, having first made his last will and testament, duly proved before the surrogate of Camden county on March 3d, 1896, and of record in said surrogate's office in Book S of Wills, pages 50, &c., wherein and whereby he did, among other things, provide:

"*First*. It is my will and I do order all my just debts and funeral expenses to be duly paid as soon as conveniently may be after my death.

"*Second*. I give devise and bequeath to Martha Morris my beloved wife during her natural life all the income from my real estate and personal property after all the taxes and necessary repairs shall have been paid, and after her death then my daughter Martha E. Morris is to become the owner of all that may be remaining of said real estate or personal property after my wife's funeral expenses and just debts are paid during her natural life then after her death the said property is to revert to my daughter nearest surviving heirs."

The executor named having died before the testator and the widow having renounced, letters of administration *cum testamento annexo* were, on March 3d, 1896, granted to John E. Gumby, and on March 16th, 1905, letters were granted to Benjamin F. Dorsey as substituted administrator with the will annexed. The net income of the real and personal property of the testator was paid over by the administrator to testator's widow, Martha Morris, until the latter's death on January 18th, 1907.

This suit is brought for that, as is alleged, on April 2d, 1903, Mrs. Morris engaged the plaintiff, Ella Deaton, as housekeeper, at an agreed weekly wage of $3; on August 27th, 1905, after Mrs. Morris had been stricken with paralysis, she raised the weekly wage to $4, and on December 20th, 1906, to $5; that the plaintiff performed the services as agreed, and at Mrs. Morris' request expended for the household, in August, 1906, the sum of $3, making the total

amount accrued to her under the contract $673, on which she received on account, from time to time, $466, leaving a balance claimed by her of $207. The plaintiff duly presented her claim to the defendant administrator for the said balance as due to her under the terms of James H. Morris' will; the administrator refused payment and notified her to enforce her claim by suit.

The case was tried before the court without a jury. The foregoing facts were established to the satisfaction of the court, in accordance with the statement in the demand filed by testimony on the part of the plaintiff. Witnesses also testified that Mrs. Morris, shortly before her death, told them, separately, that she owed Ella Deaton about $200 for her services as housekeeper. No testimony was offered to controvert the testimony of these witnesses.

For the defendant, the record of the last will and testament of Martha Morris, who died on January 18th, 1907, was offered, wherein it was provided:

"Item 1. It is my wish and I order and direct that all my just debts be paid.

"Item 2. In consideration of the faithfulness and constant attention and care of Ella Deaton to me during my recent years and illness, I give and devise to her, the said Ella Deaton, the house and lot known as No. 1807 South Tenth Street, Camden, New Jersey, and also lot No. 1809 South Tenth Street, Camden, New Jersey."

It was also in evidence that Martha E. Morris, the daughter named in the will of James H. Morris, died about eighteen months after her father's death, by reason whereof his estate goes to a grandniece; that Mrs. Morris was familiar with the terms of her husband's will, but that the plaintiff did not know that Mrs. Morris had made any provision for her in her will.

On the ground that the provision made by Martha Morris in her will for the plaintiff was intended and is in satisfaction of any claim for personal attention and care of Martha Morris, rendered by Ella Deaton to her in her lifetime, judgment was rendered by the court in favor of the defendant.

The action is brought upon the theory that the second item of the will of James H. Morris confers a right of action against his executors in favor of the creditors of his widow. It will be observed that no such right is expressly given. The provision concerns the disposition of testator's property. His wife's interest is limited to a life estate, with provision that "after her death then my daughter Martha E. Morris is to become the owner of all that may be remaining * * * after my wife's funeral expenses and just debts are paid during her natural life." The clause "during her natural life" refers to the duration of the estate in his daughter, thus limiting the daughter's right to a life estate, and does not refer to the period within which such debts shall be paid. The clause in the will is thus essentially a mere disposition of testator's property with provision that his daughter's remainder shall be diminished by the payment of his wife's funeral expenses and just debts. The will merely provides for an estate in remainder in the daughter after the satisfaction of the just debts of Mrs. Morris, so far as the property of the testator may extend, after, the ascertainment of those debts. The theory of the plaintiff's case is that by the provision in Mr. Morris' will now in question he imposed on his executors the duty of determining what claims against the estate of his widow are to be regarded as her "just debts." We are unable to adopt this theory in view of the existing provision of our statute for the ascertainment of the demands against a decedent's estate. The only persons authorized by law to exercise this power are the executors or administrators of the alleged debtor, and, in case of dispute, the existence and amount of debt must be settled in suits between the creditors and the debtor's estate. The judgments in such suits will determine the debts and their amounts. Whether a debt was contracted, whether it has been paid, whether there are set-offs to be allowed, whether there is a recoupment or counter-claim, are matters which must be litigated between the debtor's estate and the claimant. Moreover, if the will were so construed as to authorize the husband's executors to audit claims

against the wife's estate, this could not prevent presentation of such claims to her personal representatives for allowance in the regular course and a double presentation might and doubtless would result in the allowance of some claims by the representatives of one decedent and their rejection by those of the other, leading to more or less confusion. In our judgment, therefore, the will of the deceased husband does not confer power upon his executors to determine these matters, nor to represent the ultimate devisees or legatees in that behalf. Such ultimate devisees and legatees have a right to be heard. No authorities have been adduced to the contrary of these views. Furthermore, as representatives of the deceased, executors and administrators are answerable so far as they have assets only for the testator's or intestate's debts, covenants or other contracts, not for the debts of other persons. In short, in all cases where the cause of action is money due on a contract to be performed, gain or acquisition of the testator by the work or labor or property of another, or a promise of the testator express or implied, the action survives against the executor. But this case presents no such situation.

Nor does an action at law, in the absence of statute or an express promise by the legal representatives to pay it, lie against an executor for a general legacy, nor for a distributive share of an estate. The statutes in our state upon these subjects are not applicable to the case in hand. The direction, in the will, to distribute the estate after payment of the wife's just debts, is in the nature of a legacy. It is not a contract made by the testator, nor does it furnish the foundation of an action at law to be enforced against the executor.

It may be that the claim is enforceable against the husband's estate by a suit in equity, requiring the payment of the just debts when ascertained, in which proceeding the persons entitled to the estate of the husband whose shares therein would suffer diminution by the payment should be made parties.

The conclusion is that a suit at law cannot be maintained against the executor of the deceased husband to enforce pay-

ment of the wife's just debts, by virtue of this provision of his will, but that the executors of the husband have the right to require the just debts to be first established by a suit against the wife's executor, for it is the wife's "just debts" *eo nomine* which alone can diminish the estates of the subsequent takers.

On this ground the judgment for the defendant should be affirmed.